IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES R. LOCKERT, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-622 |
| ) | |
| ERIC K. LOCKERT, ESQ., ) | Judge Thomas A. Wiseman, Jr. |
| LOCKERT LAW FIRM, PLLC, and ) | |
| ELSA LOCKERT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are (1) Defendants' Motion for Summary Judgment (Doc. No. 13) and (2) Plaintiff's Motion to Strike Affidavit of Eric K. Lockert and to Exclude its Attachments (Doc. No. 30).

The Court construes the Motion to Strike as a motion in limine to exclude certain evidence as inadmissible hearsay. Because the Defendants have not carried their burden of establishing that the authenticity of the trial transcript attached to the Affidavit, the motion to exclude the Transcript (Doc. No. 30) is hereby **GRANTED**.

However, as explained in the accompanying Memorandum Opinion, the Court finds that (1) the Plaintiff admitted in his response to Defendants' Statement of Undisputed Fact that he in fact testified as set forth in the excluded trial transcript; (2) that the prior testimony directly conflicts with his present sworn position; and (3) Plaintiff has failed to offer an explanation for the discrepancies that withstands legal scrutiny. Thus, under Tennessee law, Plaintiff's prior sworn statement "precludes him from denying its truth," and the prior testimony functions "not merely [as] an admission, but an absolute bar" to his ability to bring his present claims. *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 314 (Tenn. 2009). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 13) is **GRANTED** and this matter **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge